IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

NAVAJO HEALTH FOUNDATION –
SAGE MEMORIAL HOSPITAL, INC.,

    Plaintiff,

vs.                                                      CIV 14- 0958 JB/GBW

SYLVIA MATTHEWS BURWELL,
SECRETARY OF THE UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN
SERVICES, et al.,

    Defendants.

## ORDER DENYING MOTION TO SUSPEND MEDIATION

THIS MATTER came before the Court on Defendants' Motion to Suspend Mediation *(Doc. 189)* as to which the Court agreed to expedite briefing and ruling *(Doc. 191).* The Court has reviewed the motion and Plaintiff's response in opposition as well as attached exhibits, and hereby finds that the mediation should take place as scheduled this Thursday, July 14, 2016 in Albuquerque.

Our local rules require that "[i]n every civil case the parties must participate in a settlement conference with a Judge unless otherwise ordered by the Court." D.N.M.LR-Civ. 16.2(a). Although I am not assigned to this case, the parties contacted my chambers last fall and requested that I conduct the required settlement conference to which I agreed. A settlement conference was then set for February 8, 2016, but vacated at the request of Defendants because the discovery deadlines had been extended. *See Docs. 148 & 149.* That new discovery deadline was again extended to June 30, 2016. *See Doc. 182.*

Thus, as requested by Defendants, I moved the date for the settlement conference – July 14, 2016 – until after the close of discovery. *See Doc. 148 & 181*. Defendants filed their instant motion requesting suspension of this mediation on July 7, just one week before it is scheduled to take place.

Defendants indicate that at two of Plaintiff's board members and the current and former Chief Executive Officers have asserted or indicated that they will assert their Fifth Amendment privilege against self-incrimination based upon ongoing criminal investigations in Arizona and Utah. *Doc. 189* at 2. Government counsel represents that they are therefore "unable to make any settlement recommendation that is likely to be accepted," and they "emphasize that [their] concern is with the timing of the settlement discussions, not the prospect of engaging in such discussions." *Id.* Defendants maintain that "until the concerns of Sage's witnesses are relieved and they are willing to provide to the defendants the discovery necessary to defend this case," the settlement conference should not be held. *Id.* at 3-4.

Yet even when the current investigations are concluded, there is no assurance that Sage's witnesses will not continue to invoke the Fifth Amendment privilege as is their right. And Defendants fail to identify what evidence they believe could not have been obtained from other Sage witnesses who are not targets of the ongoing investigations. District Judge Browning has granted summary judgment on three of the ISDEAA claims in Plaintiff's favor with those damages to be determined at a trial. An indefinite stay would deprive Plaintiff of its ability to resolve this litigation through negotiation before a magistrate judge rather than waiting for that determination at trial.

The Court also notes that Defendants evidently referred to the investigation in open court on December 17, 2015 but did not alert the Court that their ability to participate in settlement negotiations was thereby compromised. *Doc. 192* at 6. Instead, they waited until the eve of the mediation to raise their concerns. The Court and the parties have extended significant time in clearing their schedules, arranging travel plans and sufficiently preparing for this mediation. Simply put, for the reasons stated by Plaintiff in its opposition brief, Defendants fail to meet their burden to justify postponing the long scheduled settlement conference. The Court anticipates that all will attend in good faith in an attempt to resolve the case to the extent possible.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motion to Suspend Mediation is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE